**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3094
_____

UNITED STATES OF AMERICA

v.

KEENAN SMITH,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cr-00143-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2022

Before: HARDIMAN, SHWARTZ, and SMITH, *Circuit Judges*.

(Filed: July 12, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**HARDIMAN**, *Circuit Judge.*

Keenan Smith appeals his judgment of conviction and sentence for attempted Hobbs Act robbery and brandishing a firearm during the robbery attempt. We will affirm Smith's conviction for attempted robbery, vacate his firearm conviction, and remand for resentencing.

## I

The Government's evidence showed that early on the morning of January 31, 2018, Smith snuck into a diner and hid outside the second-floor office where the safes were located. When the manager came to retrieve cash from the safes, Smith pointed a gun at the manager's head and whispered: "Don't move, don't move." App. 340. Recognizing he was being robbed, the manager wrestled with Smith, and the gun discharged. Smith fled, leaving a trail of blood in the hall and stairway that forensic experts later matched to his DNA.

A jury found Smith guilty of (1) attempted robbery which interferes with interstate commerce (Hobbs Act robbery), 18 U.S.C. § 1951(a), and (2) brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). The District Court sentenced Smith to 228 months' imprisonment: 144 months for attempted Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and a mandatory consecutive 84-month term for the firearm conviction, *see* 18 U.S.C. § 924(c)(1)(A)(ii).

II[1]

In this appeal, Smith challenges various aspects of his convictions and sentence. We examine each in turn.

A

Smith first argues the evidence was insufficient to prove that (1) the incident at the diner was an attempted robbery and (2) he was the would-be robber. We disagree because the record contains ample evidence of his guilt. *See, e.g.*, *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424–25 (3d Cir. 2013) (en banc).

Based on surveillance video, as well as testimony from the diner's manager and cook, a rational juror could have concluded beyond a reasonable doubt that the incident was an attempted robbery. *See United States v. Fattah*, 914 F.3d 112, 162 (3d Cir. 2019). The evidence established that early in the morning, a man slipped into the diner through a side door while staff prepared for the workday. The man wore a ski mask that concealed his identity and carried a backpack that could hold valuables. Once inside the diner, the man waited at the top of the stairs until the manager came to retrieve money for the cash registers, a task the manager performed around that time most mornings. The masked man confronted the manager, pointed a gun at the manager's head, and warned him not to move. The most rational inference to draw from these actions is that the masked man was attempting to steal the cash the manager was about to retrieve. That the manager reacted

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over Smith's appeal and challenge to his sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, respectively.

3

quickly, grabbing the masked-man's gun before the man could demand money, did not make the confrontation any less of a robbery attempt.[2]

The evidence also sufficed to establish that Smith was the masked assailant. Experts matched Smith's DNA to blood the assailant left on items at the diner. In addition, cell-site location data placed Smith near the diner around the time of the robbery attempt and call records showed Smith spoke to his cousin, who used to work at the diner, just before the assailant entered. Finally, shortly after the incident, Smith arrived at a nearby hospital with a gunshot wound consistent with the robbery attempt. From this evidence, a rational juror could have concluded beyond a reasonable doubt that Smith was the would-be robber.

## B

Smith next contends the Government constructively amended his indictment by introducing evidence that Smith conspired with his cousin to rob the diner. Smith did not raise this argument before the District Court, so we review it for plain error. *United States v. Syme*, 276 F.3d 131, 148 (3d Cir. 2002) (citations omitted).

Because the Government did not "broaden the possible bases for conviction," there was no error, much less plain error. *See United States v. Harra*, 985 F.3d 196, 221 (3d Cir. 2021) (cleaned up). The indictment charged Smith with two offenses: (1)

---

[2] We do not address Smith's argument that the District Court's question to the manager, "[W]hat did the *robber* say to you?" App. 346 (emphasis added), was prejudicial and merits reversal. Smith forfeited that argument by mentioning it only in passing in a footnote in his Opening Brief. *See McCray v. Fidelity Nat'l Title Ins. Co.*, 682 F.3d 229, 241 (3d Cir. 2012); *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997).

attempted Hobbs Act robbery, 18 U.S.C. § 1951(a), and (2) use and discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). The Government presented evidence related to both offenses, the District Court instructed the jury on both offenses, and the jury convicted Smith of both offenses. Because Smith was "convicted of the same offense[s] that w[ere] charged in the indictment, there is no constructive amendment." *United States v. Vosburgh*, 602 F.3d 512, 532 (3d Cir. 2010) (citation omitted).

Smith's suggestion that the Government constructively amended the indictment to include a conspiracy charge is untenable. The Government neither claimed Smith conspired with his cousin nor presented evidence of any agreement between Smith and his cousin—an essential element of conspiracy, *United States v. Perez*, 280 F.3d 318, 342 (3d Cir. 2002). Evidence of Smith's calls with his cousin who previously worked at the diner, supported the attempted robbery charge because it showed that Smith had access to information about the location of the safes and the manager's morning routine.

C

Smith also argues the District Court erred in denying his motion to suppress the DNA evidence. He claims the search warrant lacked probable cause and was executed unlawfully because the DNA swab was taken while he was illegally detained at the hospital.

Because the "totality of the circumstances," as described in the detective's affidavit, established "a fair probability" that a DNA swab would provide evidence of Smith's involvement in the attempted robbery at the diner, the District Court committed

5

no error when it denied Smith's suppression motion.[3] *See United States v. Donahue*, 764 F.3d 293, 301 (3d Cir. 2014) (quotation omitted). And those same circumstances established probable cause for Smith's arrest. *See United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007). So the District Court did not err when it concluded that Smith was legally detained at the hospital when the DNA swab was collected.

Smith also argues the police illegally seized several items of clothing, including swatches containing Smith's blood, without a warrant. Because the Government neither offered the clothing into evidence, nor used blood from the swatches in its DNA analysis, Smith suffered no prejudice, so any error by the District Court's failure to rule on this aspect of Smith's suppression motion would have been harmless. *See United States v. Molina-Guevara*, 96 F.3d 698, 703 (3d Cir. 1996) (citation omitted).

D

Finally, Smith argues his firearm conviction under 18 U.S.C. § 924(c) should be vacated because his predicate crime, attempted Hobbs Act robbery, is not categorically a "crime of violence." Smith Br. 22–32. "To determine whether a federal felony may serve as a predicate for a conviction" under 18 U.S.C. § 924(c), we "apply a 'categorical

---

[3] The detective's affidavit stated that (1) a masked assailant, armed with a gun, confronted the manager at the diner early that morning in an apparent robbery attempt; (2) the assailant appeared to have been shot and left blood droplets at the diner; (3) the witness believed the assailant was bleeding from his left hand; (4) Smith, who fit the description of the assailant, arrived less than an hour after the attempted robbery at a nearby hospital with a gunshot wound to his left hand; (5) Smith was generally uncooperative; (6) Smith could not credibly explain his injury; and (7) police could not locate any corroborating ballistics evidence, or identify any incident reported in the city, other than the diner robbery, that could be related to Smith's injury.

approach,'" which asks "whether the federal felony at issue 'has *as an element* the use, attempted use, or threatened use of physical force.'" *United States v. Taylor*, 596 U.S. __ (2022) (slip op., at 3) (quoting 18 U.S.C. § 924(c)(3)(A)). Because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force," the offense is not a "crime of violence" for purposes of 18 U.S.C. § 924(c). *Id.* at __ (slip op., at 6). We will vacate Smith's conviction under § 924(c) and remand to the District Court for resentencing on his remaining conviction.[4]

\* \* \*

For the reasons stated, we will affirm the District Court's judgment of conviction for attempted Hobbs Act robbery, vacate the judgment of conviction under 18 U.S.C. § 924(c), and remand for resentencing.

---

[4] Because we remand for resentencing, we do not address Smith's challenge to his original sentence.